**Delores RISCH, Plaintiff–Appellant,**

**v.**

**UNITED STATES POSTAL SERVICE,
Defendant–Appellee.**

**No. 99–2307.**

United States Court of Appeals,
Sixth Circuit.

Submitted: Jan. 23, 2001.

Decided and Filed: March 26, 2001.

Paul A. Wright (briefed), Oakland, MI, for Appellant.

Kathleen Moro Nesi (briefed), Karen Gibbs (briefed), Assistant United States Attorneys, Detroit, MI, for Appellee.

Before WELLFORD, RYAN, and SUHRHEINRICH, Circuit Judges.

**OPINION**

RYAN, Circuit Judge.

Delores Risch brought this suit against William J. Henderson, Postmaster General of the United States of America, alleging, among other things, that the postmaster of the Rochester Hills Post Office in Rochester Hills, Michigan, kept "secret files" pertaining to Risch and other post office employees, in violation of the Privacy Act of 1974, 5 U.S.C. § 552a. The district court granted summary judgment to Henderson after concluding that the maintenance of the allegedly "secret files" was not a violation of the Privacy Act, and even if there were a violation, Risch was unable to show she had either suffered "actual

damages" from the maintenance of the files or had exhausted available administrative remedies, elements necessary to support a cause of action under the Privacy Act. We will affirm.

## I.

Risch has been employed as a letter carrier for the Rochester Hills Post Office for the last 14 years, and is a union steward for the National Association of Letter Carriers (NALC). In that capacity, Risch is responsible for assisting union members with the investigation and processing of grievance claims against members of the United States Postal Service (USPS) management.

During an investigation relating to a union member, Risch learned that Rochester Hills Postmaster Donald Hall kept "secret files" on employees in the bottom two drawers of a black file cabinet in his office. Risch alleges that the secret files had been kept since at least 1990 and contained over 4700 pages of highly personal documents, including medical records, medical notes, doctors' notes, hospital records, sick notes with diagnoses, Employee Assistance Program memos, notes, all notes or observations put into the file by any supervisor, disciplinary recommendations, verbal warnings, official discussions, notes concerning discriminatory statements by employees, and the like. David Trakul, a USPS employee, testified that the records did not have a formal title and were referred to by management as "supervisor's records," but a union official could have access to the information in the files simply by making a proper request pursuant to established procedures.

Risch complained about these files to management, asserting that the files violated the NALC Collective Bargaining Agreement and the Privacy Act, but she never filed a grievance under the Collective Bargaining Agreement or made a formal Privacy Act request to learn what information concerning her was in the files. Risch alleges that the management then began to relocate and destroy documents in the files.

On September 21, 1998, Risch filed a complaint against Henderson, alleging that the USPS had violated numerous provisions of the Privacy Act in relation to her employment with the USPS. Henderson stipulated that the supervisor's files, maintained in the file cabinet in Hall's office, would not be removed, concealed, or altered during the litigation. On March 2, 1999, Risch filed a motion to certify a class of all Rochester Hills postal employees, but she withdrew the motion on May 24, 1999. Henderson filed a motion to dismiss the case, or in the alternative, for summary judgment. Risch renewed her class certification motion and moved for partial summary judgment as to liability. The district court held a hearing on October 7, 1999, and on October 12, 1999, granted Henderson's motion for summary judgment. Risch then timely filed an appeal.

## II.

The Honorable Patrick J. Duggan, United States District Judge, prepared a well-reasoned opinion, *Risch v. Henderson*, 128 F.Supp.2d 437 (E.D.Mich. 1999), that thoroughly discusses and analyzes each Privacy Act issue presented in this case. Because we cannot improve upon Judge Duggan's excellent opinion and its conclusion that there are no genuine issues of material fact with respect to any of Risch's claims, we adopt Judge Duggan's opinion as our own.

Accordingly, we **AFFIRM** the judgment of the district court.